# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3852

_____

Malik Abdul Shabazz, also known    *
as Vonnie Lynn Moore,    *
   *
      Appellant,    *
   *  Appeal from the United States
     v.    *  District Court for the
   *  Eastern District of Arkansas
Arkansas Department of Correction;    *
Charles Freyder, Chaplain, Varner    *  [UNPUBLISHED]
Unit, ADC; Don Yancy, Administrator    *
of Religious Services, Arkansas    *
Department of Correction; Agin    *
Muhammad, Sr., Islamic Coordinator,    *
Arkansas Department of Correction;    *
Ray Hobbs, Deputy Director, Arkansas    *
Department of Correction,    *
   *
      Appellees.    *

_____

Submitted: October 28, 2005
Filed: November 17, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action brought by Arkansas inmate Malik Abdul Shabazz, a/k/a Vonnie Lynn Moore, against the Arkansas Department of Correction

(ADC) and numerous ADC officials (collectively defendants), Shabazz appeals from an interlocutory order entered in the District Court[1] for the Eastern District of Arkansas partially granting his motion for a preliminary injunction on his claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and denying his motion for class certification. For reversal, Shabazz argues that the district court erred in (1) limiting the injunctive relief and (2) denying class certification. For the reasons discussed below, we affirm the grant of the preliminary injunction, and we cannot review the denial of class certification.

Shabazz's complaint alleged that defendants were violating the Constitution and RLUIPA by prohibiting Muslim inmates from performing the "Khutba" sermon during the "Jumu'a" weekly prayer service at all ADC units. Following a hearing, a magistrate judge[2] issued proposed findings and recommendations, which the district court adopted in their entirety. Accordingly, the district court found that defendants were placing a substantial burden on Shabazz's ability to exercise his religion; that defendants have a compelling governmental interest in avoiding the elevation of one inmate to a position of religious leadership over others; that defendants were not using the least restrictive means of furthering their compelling governmental interest; and that the use of video-recorded Khutbas is a viable alternative to the performance of live Khutbas. The district court partially granted Shabazz's motion for a preliminary injunction by ordering defendants to provide to each ADC unit a video-recorded Khutba, performed by a qualified individual of defendants' choice, each Friday on which there is no qualified individual available to perform the Khutba live. Defendants were ordered to comply with the preliminary injunction within 60 days

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

of the date of the district court's order. The district court denied Shabazz's motion for class certification.

Shabazz timely filed a notice of interlocutory appeal challenging the "limitations and modifications" of the preliminary injunction, the denial of class certification, and the allowance of 60 days for defendants to comply with the district court's order. In support of his argument that inmates should be permitted to perform the Khutba, he cites two unpublished opinions indicating that inmates elsewhere are allowed to perform Khutbas under certain restrictions. See Doyle v. Prewitt, 39 Fed. Appx. 344, 347 (7th Cir. Apr. 22, 2002) (unpublished order) (affirming summary judgment for Illinois prison officials on Muslim inmate's claim that his First Amendment rights were being violated because he could not deviate from text of pre-approved Khutba); Wilson v. Moore, No. 4:01cv158-RV, 2003 U.S. Dist. Lexis 25648, at *13 (N.D. Fla. 2003) (unpublished magistrate judge's report and recommendation) (in case involving Florida inmate's challenge to restrictions on Native American religious practices, noting in background information that Muslim inmates perform Khutbas under direct supervision of chaplain).

To begin, we need not address the district court's allowance of 60 days for defendants to comply with its order as that issue is now moot. As to the challenged denial of class certification, we lack interlocutory appellate jurisdiction. See Reinholdson v. Minnesota, 346 F.3d 847, 849 (8th Cir. 2003) (interlocutory appeal of denial of class certification not proper where plaintiffs did not invoke any of recognized exceptions to final-judgment rule); cf. In re BankAmerica Corp. Sec. Litig., 263 F.3d 795, 804 (8th Cir. 2001) (court lacks interlocutory appellate jurisdiction to consider challenge to class notice approved by district court, which is separate from injunction), cert. denied, 535 U.S. 970 (2002).

We have interlocutory appellate jurisdiction to review the preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). A district court has broad discretion

in ruling on a motion for a preliminary injunction, and this court will reverse such a ruling only for a clearly erroneous finding of fact, an error of law, or an abuse of discretion.  See Safety-Kleen Sys., Inc. v. Hennekens, 301 F.3d 931, 935 (8th Cir. 2002).  Upon review, we hold that the district court used the proper legal standard set forth in RLUIPA, did not clearly err in its findings of fact, and did not abuse its broad discretion in formulating the preliminary injunction.  Finally, we note that the cases cited by Shabazz are not persuasive authority supporting his position.  In Doyle, 39 Fed. Appx. at 347, the restriction at issue was upheld upon recognition that prison security may be jeopardized if an inmate is put in a position of religious leadership over other inmates, or if an inmate has the opportunity to use religious services to engage in disruptive communications.  Moreover, Wilson, 2003 U.S. Dist. Lexis 25648, at *13, is irrelevant because the alleged supervised performance of Khutbas by inmates was not an issue in the case.

Accordingly, the preliminary injunction is affirmed.

_____